PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DWAYNE HOWARD ST. THOMAS, ) | |
| ) | CASE NO. 4:23CV2168 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| STATE OF OHIO, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 2-1] |

### I. Background

Seeking to proceed *in forma pauperis*, Plaintiff Dwayne Howard St. Thomas has filed a *pro se* civil rights Complaint (ECF No. 1) in this case pursuant to 42 U.S.C. § 1983 against the State of Ohio, Mahoning County Court of Common Pleas Judge Scott D. Hunter, Prosecutor Kenneth Cardinal, and Administrative Clerk Betsy Velazquez.

The Complaint (ECF No. 1) does not set forth clear allegations or legal claims, or set forth any specific allegations of misconduct as to each, or any of the defendants. Plaintiff simply, generally, and vaguely complains in his complaint that no one has the right to "administrate my property," and that he was unlawfully "held hostage for 30 days." ECF No. 1 at PageID #: 5, §§ II.B.3 and and III.

He seeks only monetary relief: "700,000.00 USD for wrongful [holdup] of my property, kidnapping, rape, racketeer [activities.]" ECF No. 1 at PageID #: 5, § IV.

Liberally construing the Complaint (ECF No. 1), and as best as the Court is able to determine, Plaintiff believes Defendants have violated his rights in some way in connection with

(4:23CV2168)

a traffic case against him in Mahoning County, over which Judge Hunter presided and Kenneth Cardinal served as prosecutor. *See State of Ohio v. Dwayne H. St. Thomas*, No. 2023 TRD 3252 (Mahoning Cty. Ct.). Plaintiff was convicted and sentenced in that case to a total of $300 in fines and 180 days in jail, with 150 days suspended. *See id.*, Aug. 23, 2023 Judgment Entry.

## II. Standard for Dismissal

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)*, the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal* , 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

2

(4:23CV2168)

### III. Law and Analysis

Upon review, the Court finds that the Complaint (ECF No. 1) fails to state a plausible claim and must be dismissed under § 1915(e)(2)(B) for multiple reasons.

First, even liberally construed, the vague and unclear assertions set forth in the Complaint (ECF No. 1) fail to meet basic pleading requirements, or set forth factual content sufficient for the Court to draw a reasonable inference that Plaintiff has a right to relief on any claim against any Defendant. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Second, to the extent Plaintiff seeks damages on the basis of an allegedly unlawful conviction or sentence in his Mahoning County traffic case – which is the most his allegations on their face suggest – his claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a plaintiff cannot make out a cognizable damages claim under § 1983 for an allegedly unconstitutional conviction or sentence, or for any other "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Nothing in the Complaint (ECF No. 1) suggests that his traffic conviction or sentence in Mahoning County has been set aside or invalidated in one of the ways stated in *Heck*.

3

(4:23CV2168)

Accordingly, any federal damages claim he seeks to assert under § 1983 implying the invalidity of his conviction or sentence is non-cognizable.

Third, it is well-established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 Fed.Appx. 294, 295-96 (6th Cir. 2001); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir.1988) (finding court clerk immune). Likewise, it is well-established that a prosecutor "is immune from a civil suit for damages under § 1983" for conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The only plausible interpretation of the Complaint (ECF No. 1) is that Plaintiff seeks to challenge conduct taken by Judge Hunter, Prosecutor Cardinal, and Clerk Velazquez during the performance of their official duties in his traffic case, and as to which they are all absolutely immune from a damages suit.

## IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2-1) is granted. For the foregoing reasons, the Complaint (ECF No. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith..

IT IS SO ORDERED.

| | |
|---|---|
| March 29, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

4